UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICHOLAS W. SHOEMAKER,**

      **Plaintiff,**

v.                                                  **Case No: 6:22-cv-1046-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

_____

MEMORANDUM AND OPINION

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for child disability benefits and supplemental security income. In a decision dated July 16, 2021, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from April 1, 2018, the alleged onset date, through the date of the decision (20 CFR 404.1520(g)). R. 23–24.

Having considered the parties' briefing and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **AFFIRMED**.

    **I.**    **Issues on Appeal**

Claimant makes the following arguments on appeal:

1) The ALJ did not properly consider Claimant's mental impairments, including his bipolar disorder. Doc. 18 at 15.

2) The ALJ did not properly consider Dr. Kaplan's opinions. Doc. 18 at 19, 24.

II. **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III. **Discussion**

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[1] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

---

[1] Here, in assessing the Claimant's RFC, the ALJ stated:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is capable of performing simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple work related

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed her claim after March 22, 2017,[2] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's

---

   decisions, with few if any changes in the workplace, and no more than occasional interpersonal interaction with the public, coworkers, and supervisors.

R. 19.

[2] Claimant filed his claim on October 10, 2018. R. 15.

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical

analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

Where a claimant is diagnosed with bipolar disorder, the Eleventh Circuit has noted that "the ALJ must consider the episodic nature of bipolar disorder." *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1046 (11th Cir. 2020) (citing *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1267 (11th Cir. 2019)).

**a. Claimant's Mental Impairments**

The ALJ stated the following with respect to Claimant's mental impairments:

> The claimant primarily alleges disability due to the combined effects of his mental impairments including a depressive disorder, a bipolar disorder, an anxiety disorder, attention deficit/hyperactive disorder, posttraumatic stress disorder, and an intermittent explosive disorder. Specifically, the record has noted symptoms resulting from these impairments to include at times impaired insight and judgment, variable memory and concentration, hyperactivity, distractibility, impulsivity, tangential cognition, as well as an anxious and depressed mood and affect. (Exhibits 5F 10, 11, 20; 6F 2; 12F 3, 7; 13F 4, 10; 14F 2; 16F 3, 5; 20F 13, 15, 17; 21F 3;

---

opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

22F 3; 23F 2). However, during the period of adjudication, the claimant exhibited far more unremarkable mental examination findings including a normal mood and affect, intact memory, average intelligence, good insight and judgment, cooperativeness, pleasantness, as well as linear, logical, and organized thought processes, and normal thought content. (Exhibits 5F 2, 5, 11, 16, 17, 20; 6F 2; 12F 3, 5, 7; 13F 4, 7, 10; 14F 2; 16F 3, 5, 8, 11; 19F 2, 7; 20F 1, 3, 5, 7, 9, 11, 15, 17, 19, 22, 24, 27; 21F 3, 7; 22F 1, 3, 5; 23F 2). Treatment for these impairments was conservative and largely consisted of therapy and medications, which the claimant testified helped control his symptoms. (Hearing Testimony).

. . .

The claimant's mental impairments result in some degree of functional limitations, but not to the extent alleged in light of his testimony and mental examination results. (SSR 16-3p). To begin, the claimant alleges that his impairments limit his ability to sustain employment. However, this allegation is inconsistent with the claimant's reported retained activities of daily living including the ability to perform household chores, go out on dates, and maintain personal relationships. (Hearing Testimony). Further, the allegation is inconsistent with the longitudinal evidence of record including a normal mood and affect, intact memory, average intelligence, good insight and judgment, cooperativeness, pleasantness, as well as linear, logical, and organized thought processes, and normal thought content. (Exhibits 5F 2, 5, 11, 16, 17, 20; 6F 2; 12F 3, 5, 7; 13F 4, 7, 10; 14F 2; 16F 3, 5, 8, 11; 19F 2, 7; 20F 1, 3, 5, 7, 9, 11, 15, 17, 19, 22, 24, 27; 21F 3, 7; 22F 1, 3, 5; 23F 2). These inconsistencies suggest that the claimant's symptoms are not as limiting as alleged. (SSR 16-3p).

R. 20–21.

Thus, the ALJ noted that Claimant experiences "good days"[5] and "bad days"[6] that are characteristic of a person who has bipolar disorder. *See, e.g., Schink v. Comm'r of Soc.*

---

[5] For instance, the ALJ noted that "during the period of adjudication, the claimant exhibited far more unremarkable mental examination findings including a normal mood and affect, intact memory, average intelligence, good insight and judgment, cooperativeness, pleasantness, as well as linear, logical, and organized thought processes, and normal thought content. (Exhibits 5F 2, 5, 11, 16, 17, 20; 6F 2; 12F 3, 5, 7; 13F 4, 7, 10; 14F 2; 16F 3, 5, 8, 11; 19F 2, 7; 20F 1, 3, 5, 7, 9, 11, 15, 17, 19, 22, 24, 27; 21F 3, 7; 22F 1, 3, 5; 23F 2)." R. 20.

[6] For instance, the ALJ noted "symptoms resulting from these impairments [included] at times impaired insight and judgment, variable memory and concentration, hyperactivity, distractibility, impulsivity, tangential cognition, as well as an anxious and depressed mood and affect. (Exhibits 5F 10, 11, 20; 6F 2; 12F 3, 7; 13F 4, 10; 14F 2; 16F 3, 5; 20F 13, 15, 17; 21F 3; 22F 3; 23F 2)." R. 20.

*Sec.*, 935 F.3d 1245, 1267–68 (11th Cir. 2019) ("We agree with our sister Circuits that people with chronic diseases can experience good and bad days. And when bad days are extremely bad and occur with some frequency, they can severely affect a person's ability to work."); *see also, e.g., Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1106 (11th Cir. 2021). The Court notes that in reaching his conclusion, the ALJ did not rely only on citations to "good days"; the content of the ALJ's decision shows that the ALJ comprehensively considered Claimant's mental health symptoms. *Cf. Simon*, 7 F.4th at 1106 (11th Cir. 2021) (finding that the ALJ erred in "only list[ing] [Claimant's] relatively minor symptoms" while not addressing Claimant's more serious symptoms).

Accordingly, the Court finds that the ALJ properly considered Claimant's mental impairments, including the episodic nature of Claimant's bipolar disorder.[7] Claimant's other arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function.[8] *Winschel*, 631 F.3d at 1178 (11th Cir. 2011).

---

[7] Claimant cites *Schink* and asserts that the ALJ did not identify "genuine inconsistencies" in the record. 935 F.3d at 1262–63. But the court in *Schink* referenced "genuine inconsistenc[ies]" when discussing the good cause standard for treating physicians under the old regulations. *Id.* Because Claimant does not explain if, or how, the good cause standard applies under the new regulations (i.e., to this case), the Court finds this reliance unpersuasive.

[8] Claimant also argues that the ALJ mischaracterized the evidence of record. Initially, Claimant has not carried his burden to show that the ALJ misstated the record or that any purported misstatements were material. *See Garcia Colon v. Comm'r of Soc. Sec.*, 2019 WL 4140945, at *2 (M.D. Fla. Aug. 30, 2019) ("Courts in this district have found that if the ALJ makes a misstatement of fact that is material or integral to the ALJ's ultimate decision, then the misstatement is not harmless and remand may be warranted.") (citations omitted). Further, Claimant cannot prevail by simply substituting his own characterization of the record for the ALJ's; when the record supports multiple readings and the ALJ's chosen reading is a permissible one, the Court must affirm, even if the ALJ's chosen reading is preponderated against by a contrary reading. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–1159 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision

### b. Dr. Kaplan's Opinion

The ALJ stated the following with respect to Dr. Kaplan's opinion:

The various opinions of Scott Kaplan, Psy.D. are unpersuasive. In a series of assessments, based each time on a single consultative examination of the claimant and apparently without the review of the claimant's actual treatment records, Dr. Kaplan opined that the claimant met the requirements of listings 12.04 and 12.11 with marked impairments in understanding complex tasks and getting along in a social setting as well as adapting but also opined that the claimant only had a mild limitation for one (1) to two (2) step tasks. (Exhibits 3F; 6F; 23F). Dr. Kaplan's opinions are unsupported by his own examinations in which the claimant was found to have logical thought processes, cooperativeness, and to be oriented in all spheres. Further, Dr. Kaplan's opinion is inconsistent with the longitudinal treatment evidence of record which often noted a normal mood and affect, intact memory, average intelligence, good insight and judgment, cooperativeness, pleasantness, as well as linear, logical, and organized thought processes, and normal thought content. (Exhibits 5F 2, 5, 11, 16, 17, 20; 12F 3, 5, 7; 13F 4, 7, 10; 14F 2; 16F 3, 5, 8, 11; 19F 2, 7; 20F 1, 3, 5, 7, 9, 11, 15, 17, 19, 22, 24, 27; 21F 3, 7; 22F 1, 3, 5). Lastly, the opinion is inconsistent with the claimant's own testimony in which the claimant described having a meaningful relationship that involved excursions to various places. (Hearing Testimony). The assessed residual functional capacity finding does incorporate certain aspects of Dr. Kaplan's opinions, such as his assessment of no more than a mild deficit in the claimant's ability to understand simple tasks and his February 2019 assessment of moderate deficits in social functioning and understanding of complex tasks (Exhibit 6F 3).

R. 21–22.

As to supportability, the ALJ found Dr. Kaplan's opinions unpersuasive as they were "unsupported by his own examinations in which the claimant was found to have logical thought processes, cooperativeness, and to be oriented in all spheres." R. 21. As to consistency, the ALJ found that Dr. Kaplan's opinions were "inconsistent with the longitudinal treatment evidence of record which often noted a normal mood and affect, intact memory, average intelligence, good insight and judgment, cooperativeness, pleasantness, as well as linear, logical, and organized thought processes, and normal thought content. (Exhibits 5F 2, 5, 11, 16, 17, 20; 12F 3, 5, 7; 13F

---

reached is supported by substantial evidence.") (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). Accordingly, the Court rejects this argument.

4, 7, 10; 14F 2; 16F 3, 5, 8, 11; 19F 2, 7; 20F 1, 3, 5, 7, 9, 11, 15, 17, 19, 22, 24, 27; 21F 3, 7; 22F 1, 3, 5).": R. 21.  The ALJ also noted that Dr. Kaplan's opinion was "inconsistent with the claimant's own testimony in which the claimant described having a meaningful relationship that involved excursions to various places. (Hearing Testimony)."  R. 21–22.  Finally, the Court notes that the ALJ incorporated portions of Dr. Kaplan's opinion into the RFC.  R. 22.

Thus, the ALJ properly explained his consideration of the required factors of supportability and consistency.  Claimant's other arguments to the contrary essentially ask the Court to reweigh the evidence, which is not this Court's function.  *Winschel*, 631 F.3d at 1178 (11th Cir. 2011).

### IV.   Conclusion

For the stated reasons, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment for the Commissioner and close the case.

**ORDERED** in Orlando, Florida on August 31, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE